UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUSAN K. SMITH et al,<br><br>　　　　Defendants. | No. 2:24-cv-02392-DC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned. ECF No. 1. Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. ECF No. 2; *see* 28 U.S.C. § 1915(a)(1).

The motion to proceed IFP, ECF No. 2, will be granted. Upon screening the Complaint, however, the Court finds Plaintiff failed to state a claim over which this Court has jurisdiction. As explained below, the Complaint should be dismissed without leave to amend.

## I.　　LEGAL STANDARD

A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The federal IFP statute, however, requires federal courts to dismiss such a case if the action is legally "frivolous or

1

1  malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from
2  a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the
3  complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The
4  Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-
5  rules-practice-procedure/federal-rules-civil-procedure.

6  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
7  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
8  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
9  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
10 sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly.
11 Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in
12 the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
13 Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

14 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
15 *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
16 court will (1) accept as true all the factual allegations contained in the complaint, unless they are
17 clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the
18 plaintiff; and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327.

19 The court applies the same rules of construction in determining whether the complaint
20 states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court
21 must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must
22 construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a
23 less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520
24 (1972). However, the court need not accept as true conclusory allegations, unreasonable
25 inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618,
26 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
27 to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,
28 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.     COMPLAINT AND MOTION

Plaintiff brings this action to challenge the taking of his property pursuant to bankruptcy proceedings. ECF No. 1 at 1-2. Plaintiff names as Defendants Susan Smith, J. Russell Cunningham, Chelsea and John Keady, Carole Pope, Gerard F. Keena II, Byron Z. Moldo, Gabriel Liberman, and Sonia Singh. *Id.* at 1.

The Complaint alleges that Plaintiff's wife Kiran Rawat filed for bankruptcy in 2021. *Id.* Plaintiff alleges that Defendant Smith as bankruptcy trustee, and Cunningham as her attorney, sold Singh's property to the Keadys in 2023. *Id.* Singh had purportedly objected to sale of such property because, *inter alia*, it was Singh's separate property, Rawat had no interest therein, and the Krishna Loving Trust held title to the property. *Id.* Liberman, Rawat's bankruptcy attorney, had improperly listed Singh's income and property as part of Rawat's estate. *Id.* at 2.

The Complaint further alleges that although bankruptcy imposes a stay on litigation involving all related property and prohibits the filing of additional suits, the Keadys then sued Plaintiff and the Krishna Loving Trust for possession of the trust's interests. *Id.* at 1. Pope represented the Keadys in that action. *Id.* Meanwhile, Defendants Keena, Moldo, and Sonia Singh did not stay a pending lawsuit against Rawat. *Id.* This lawsuit led to the sale of some of Plaintiff's property without notice to him. *Id.*

Plaintiff alleges that the improperly sold property was secured via liens by the Internal Revenue Service ("IRS"), who failed to notify Singh or honor his preexisting liens on the properties in the process. *Id.* at 2. The Complaint further alleges that Defendants did not return to Plaintiff his personal property that he kept at the properties subject to these liens. *Id.*

1       Although some Defendants are named solely in their capacity as attorneys of other
2  Defendants, Plaintiff argues that these Defendants had an independent duty to not defraud him in
3  any transactions involving their clients. *Id.* at 1-2 (citing *Favila v. Katten Muchin Rosenman*
4  *LLP*, 188 Cal.App.4th 189, 209 (Cal. Ct. App. 2010); *Klotz v. Milbank, Tweed, Hadley and*
5  *McCloy*, 238 Cal.App.4th 1339 (Cal. Ct. App. 2015); *Burtscher v. Burtscher*, 26 Cal.App.4th 720,
6  727 (Cal. Ct. App. 1994)).
7       Plaintiff seeks compensatory and punitive damages totaling $100,000,000, the return of
8  his property, and attorney's fees. ECF No. 1 at 3.
9       Plaintiff's IFP application asserts he has no wages or other source of income, no money in
10 savings or checking accounts, no tangible assets, no dependents to support, and no recurring
11 monthly expenses. ECF No. 2 at 1-2. Plaintiff further writes that he is "homeless, disable[d] and
12 old" and has "millions in debts." *Id.*

### III.    ANALYSIS

14      Plaintiff's IFP application asserts he has no income or assets with which he could pay
15 filing fees for this action. *See generally* IFP No. 2. This corresponds to his Complaint's
16 allegation that all his prior assets were improperly listed as part of his wife Rawat's assets during
17 her bankruptcy proceedings. IFP No. 1 at 1-2. Plaintiff has demonstrated that he currently does
18 not have the resources to pay filing fees in this action. *See* 28 U.S.C. § 1915(a)(1). Leave to
19 proceed *in forma pauperis* is granted.
20      However, the Complaint fails to establish that the Court has subject matter jurisdiction
21 over this action. *See* Fed. R. Civ. P. 12(b)(1). Diversity jurisdiction under 28 U.S.C. § 1332(a)
22 requires complete diversity among parties, such that no plaintiff is a citizen of the same state as
23 any defendant. See *Cent. W.Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101,
24 103 (4th Cir.2011) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)). Plaintiff, a citizen
25 of California, fails to establish that none of the listed Defendants are citizens of California. *See*
26 ECF No. 1 at 1.
27      As to federal question jurisdiction, the Complaint does not specify the statutory basis for
28 any cause of action. It asserts that Defendants acquired Plaintiff's property through Rawat's

bankruptcy proceedings when such property should not have been included in the bankruptcy estate. ECF No. 1 at 1-2. This implies that Plaintiff may be challenging a bankruptcy judgment that resulted in liquidation and foreclosure of his property. District courts do have jurisdiction to review final judgments, orders, and decrees from bankruptcy proceedings. 28 U.S.C. § 158(a). However, any such appeal must be filed with the bankruptcy clerk within 14 days of such judgment, order, or decree. Fed. R. Bankr. P. 8002(a)(1). The alleged facts imply that Rawat's bankruptcy proceedings concluded some time in 2023. ECF No. 1 at 1. To the extent that this Complaint, filed in September 2024, appeals or challenges the inclusion of Plaintiff's property in Rawat's estate, it is untimely.

Accordingly, the Court concludes that the pleadings fail to articulate a claim over which this court has subject matter jurisdiction. Nor do the allegations suggest that additional facts can cure this defect. The Court recommends that the action be dismissed without prejudice.

### IV.    PRO SE PLAINTIFF SUMMARY

The magistrate judge is recommending that your motion to proceed *in forma pauperis*, without paying the requisite filing fees, be granted. Upon screening your Complaint, however, the undersigned finds that it is factually deficient and should be dismissed without prejudice.

You can object to this recommendation in writing within 14 days. The District Judge will consider your objections and make a final decision.

### V.    CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed IFP (ECF No. 2) be GRANTED;
2. The action be DISMISSED WITHOUT PREJUDICE.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The plaintiff is advised that failure to file objections within the specified

5

time may result in waiver of the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 14, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE